IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:14-cv-1174-MHT-GMB |
| | ) | |
| DR. JOHN PEASANT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Michel Lewis Kelley, a former state inmate, in which he alleges that the defendants failed to provide adequate medical treatment for a mass in his left kidney during a prior term of confinement at the Ventress Correctional Facility. Pursuant to the orders of this court, the defendants filed special reports supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claim for relief presented by Kelley. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Kelley. The defendants assert, and the documented evidence demonstrates, that the defendants did not act with deliberate indifference to Kelley's medical needs. Instead, the undisputed medical records compiled contemporaneously with the treatment provided to Kelley indicate that he received treatment from both prison medical personnel and a free-world physician for his left kidney issue.

In light of the foregoing, the court issued an order directing Kelley to file a response to the defendants' written reports. Doc. 35. The order advised Kelley that his

failure to respond to the reports filed by the defendants would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 35 at 1. Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id.* The time allotted Kelley for filing his response to the defendants' written reports expired on November 29, 2016. As of the present date, he has failed to file a requisite response. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that the dismissal of this case is the proper course of action. Initially, the court notes that Kelley is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Kelley's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants demonstrate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Kelley's compliance would be unavailing and a waste of this court's scarce resources. Consequently, the court concludes that Kelley's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (explaining that, as a general rule,

where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that, on or before **May 2, 2017**, the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the district court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of April, 2017.

                                              /s/ Gray M. Borden
                                 UNITED STATES MAGISTRATE JUDGE